Gregg A. TALLMAN, Appellant,

v.

Ronald W. REAGAN, Ed Meese, Otis
Bowen and Richard Turner,
Appellees.

No. 87–1586.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 17, 1986.

Decided May 10, 1988.

Gregg A. Tallman, pro se.

John Beamer, Asst. U.S. Atty., Des
Moines, Iowa, for appellees.

Before McMILLIAN, FAGG and
BOWMAN, Circuit Judges.

PER CURIAM.

Gregg A. Tallman appeals pro se from a
final order entered in the District Court[1]
for the Southern District of Iowa dismiss-
ing his complaint. For the reasons dis-
cussed below, we affirm the judgment of
the district court.

Tallman's action arises out of his applica-
tion in 1982 for Social Security disability
benefits after he was injured in an industri-
al accident. On August 20, 1986, Tallman
filed the instant complaint claiming that
Ronald Reagan, Otis Bowen, Ed Meese,
Richard Turner,[2] and the United States
government deprived Tallman of his consti-
tutional rights and his rights under the
Social Security Act. Tallman argued, that
at that point, several years had passed
since his disability claim was initially filed
and he had not yet been awarded benefits,

---

1. The Honorable William C. Stuart, Senior Unit-
ed States District Judge for the Southern District
of Iowa.

2. The record indicates that Assistant United
States Attorney Richard Turner represented the
Secretary of Health and Human Services in
Tallman's action for judicial review of the Sec-
retary's decision to deny benefits.

due to appellees' negligence in handling his application. Tallman alleged that the delay in receiving benefits caused his injury to worsen, and he sought actual and punitive damages in the amount of ten million dollars.

On November 14, 1986, the district court dismissed Tallman's complaint. Tallman subsequently filed a "motion to amend judgment" (November 18, 1986), a "motion for continuance" (December 8, 1986), and a "motion for judgment" (April 2, 1987). On April 7, 1987, the same district court entered a final judgment in Tallman's disability case, reversing the decision of the Secretary of Health and Human Services to deny Tallman disability benefits and ordering the Secretary to pay Tallman benefits past due. On May 7, 1987, the court denied Tallman's post-judgment motions in the instant action, and this appeal followed.

A complaint should not be dismissed for failure to state a claim " 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Kaylor v. Fields*, 661 F.2d 1177, 1181 (8th Cir.1981) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). As we read Tallman's pleadings, we understand his complaint as an attempt to state a *Bivens*-type[3] constitutional tort action against the individual appellees, and an action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2674, against the government.

Tallman's complaint, however, is deficient in several respects. Only federal officials who actually participate in alleged violations are subject to a *Bivens*-type suit. *Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir.1982), *cert. denied*, 459 U.S. 1210, 103 S.Ct. 1205, 75 L.Ed.2d 446 (1983). Tallman did not allege that appellees Reagan, Meese or Bowen actually participated in, nor how appellee Turner may have contributed to, the alleged violations. Tallman's complaint alleged at the most gross negligence on the part of appellees, which does not implicate the due process clause. *See Daniels v. Williams*, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986). The Social Security Act, 42 U.S.C. § 405(h), precludes a FTCA action "to recover on any claim arising under this subchapter." *Cf. Marin v. HEW, Health Care Fin. Agency*, 769 F.2d 590, 592 (9th Cir.1985) (FTCA action for damages caused by negligently tardy processing of cost reports barred), *cert. denied*, 474 U.S. 1061, 106 S.Ct. 808, 88 L.Ed.2d 783 (1986). Finally, we note that in *Heckler v. Day*, 467 U.S. 104, 104 S.Ct. 2249, 81 L.Ed.2d 88 (1984), the Supreme Court held that Congress, in enacting the Social Security Act, had repeatedly rejected the "imposition of mandatory deadlines on agency adjudication of disputed disability claims." *Id.* at 119, 104 S.Ct. at 2257.

Although we are sympathetic to Tallman in that it took several years before he was finally awarded benefits, his complaint in the instant action failed to state a claim upon which relief could be granted.

Accordingly, the judgment of the district court is affirmed.

---

**3.** In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), the Supreme Court recognized a cause of action for damages against federal officials for violation of one's fourth amendment rights. In *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979), this right was extended to actions arising under the due process clause of the fifth amendment.