962 F.2d 12
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Douglas Wayne THOMPSON,
v.
J. R. WILLIAMSON, Appellee.
 No. 91-1601.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 4, 1992.
Filed: May 11, 1992.
 
 Before JOHN R. GIBSON, FAGG, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Douglas Wayne Thompson, a federal prisoner, appeals from the district court's[1] order granting defendant summary judgment in Thompson's Bivens[2] action. We affirm.
 
 
 2
 Thompson commenced this action against J.R. Williamson, an FBI agent, alleging that Williamson illegally seized certain items of Thompson's personal property, including $1750. On September 19, 1988, acting on a tip the FBI received from an informer, St. Paul, Minnesota police officers arrested Thompson and seized, among other things, the $1750. Williamson took custody of Thompson and the property on September 21.[3] Thompson asserted that despite his repeated requests, Williamson has refused to return the property. Thompson claimed that the seizure violated his Fifth Amendment right to due process and deprived him of the means with which to retain counsel of his choice in his criminal prosecution in violation of the Sixth Amendment. As relief, Thompson requested that the court order Williamson to return the illegally seized property; award him interest at current rates; and assess $300,000 in punitive damages.
 
 
 3
 Williamson admitted that he seized the property listed in the complaint as evidence and stated that it is currently in the evidence room in the Minneapolis division of the FBI. He denied that the seizure violated either the Fifth or the Sixth Amendment, and moved to dismiss. In an affidavit, Williamson stated that the property was seized in a search incident to Thompson's arrest; that the legality of the arrest was contested by Thompson in a suppression hearing; and that the arrest was upheld by the court. Moreover, Williamson stated that before he could release the property, he had to obtain approval from Assistant United States Attorney Joseph Walbran, and he provided Walbran's affidavit as support for this claim. Walbran attested that the seized money should be retained because it might be necessary as evidence if Thompson prevailed on his appeal and was allowed to withdraw his guilty plea.
 
 
 4
 Following Thompson's response, the magistrate[4] judge recommended granting the motion, concluding that the attack on the legality of the seizure was barred by the doctrine of collateral estoppel because the validity of Thompson's arrest had been litigated in his criminal case, see United States v. Thompson, 906 F.2d 1292, 1295-98 (8th Cir.), cert. denied, 111 S. Ct. 530 (1990), and that Williamson had no authority to release Thompson's property without Walbran's consent. The district court adopted the magistrate judge's recommendation over Thompson's objections.
 
 
 5
 On appeal, Thompson argues that the district court erred by granting summary judgment because the suppression hearing in his criminal case addressed whether his arrest was based on probable cause but did not deal with the legality of the seizure or the retention of his personal property; he did not have a full and fair opportunity to litigate the validity of the arrest; and his affidavit refuted the statements in Walbran's affidavit concerning who had authority to release the seized money.
 
 
 6
 This court reviews a grant of summary judgment de novo and examines the record in the light most favorable to the nonmoving party. United States ex rel. Glass v. Medtronic, Inc., 957 F.2d 605, 607 (8th Cir. 1992). Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The doctrine of collateral estoppel bars a plaintiff from raising constitutional claims previously decided against the plaintiff in a criminal proceeding. See Allen v. McCurry, 449 U.S. 90, 102-05 (1980).
 
 
 7
 The district court correctly concluded Thompson's challenge to the seizure is barred because in Thompson's criminal appeal this court upheld the validity of the arrest, which led to the seizure of the property. Thompson, 906 F.2d at 1295-98. The record reveals, contrary to Thompson's contention, that he had a full and fair opportunity to litigate his Fourth Amendment claim in the criminal case. Finally, though Thompson premises this Bivens action on alleged violations of his Fifth and Sixth Amendment rights and argues that the suppression hearing did not address these claims, he cannot escape the fact that the validity of the seizure depends on the legality of the arrest.
 
 
 8
 As to the claim that the property has been illegally retained, the record supports the district court's conclusion that Williamson was not responsible for the retention and, therefore, he cannot be subjected to liability for it. See Tallman v. Reagan, 846 F.2d 494, 495 (8th Cir. 1988) (per curiam) ("Only federal officials who participate in alleged violations are subject to a Bivens-type suit.") (citation omitted). We note that Thompson may be able to have the property returned to him by filing a motion under Federal Rule of Criminal Procedure 41(e). See Government of Virgin Islands v. Edwards, 903 F.2d 267, 272-74 (3d Cir. 1990) (ordering return of jewelry seized from robber incident to arrest because government failed to show legitimate reason for retaining property following conviction).
 
 
 9
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable David S. Doty, United States District Judge for the District of Minnesota
 
 
 [2]
 Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)
 
 
 [3]
 Thompson subsequently entered a conditional guilty plea to conspiracy to commit bank robbery, possession of a firearm during a crime of violence, and interstate transportation of a firearm. See United States v. Thompson, 906 F.2d 1292, 1295 n.6 (8th Cir), cert. denied, 111 S. Ct. 530 (1990)
 
 
 [4]
 The Honorable Floyd E. Boline, United States Magistrate Judge for the District of Minnesota