65 F.3d 172
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Michael McCASLIN, Appellant,
v.
UNITED STATES POST OFFICE; Postmaster General; Hastings
Post Office; Leroy Lang, Employee of Hastings
Post Office; John Doe, in their
official and individual
capacities, Appellees.
 No. 95-1479.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Aug. 29, 1995.
Filed: Sept. 6, 1995.
 
 Before FAGG, LOKEN, and ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael McCaslin instituted this action alleging that, after he had temporarily relocated to another town, a Hastings, Nebraska postal employee improperly returned his welfare benefits to the Department of Social Services (DSS), rather than deliver them to his rented post office box in Hastings. As a result, DSS suspended his benefits. McCaslin claimed that the failure to deliver the benefits constituted a taking of his property without due process of law. The magistrate judge[1] construed the complaint as asserting claims under the Federal Tort Claims Act (FTCA), 28 U.S.C. Secs. 2671-2680, and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Pursuant to the magistrate judge's recommendation, the district court[2] dismissed the FTCA claim as frivolous under 28 U.S.C. Sec. 1915(d). The postal employee then moved for summary judgment on the Bivens claim, and the district court granted the motion. McCaslin appeals and we affirm.
 
 
 2
 We find no support for McCaslin's claim that the failure to deliver the benefits violated his due process rights. Indeed, we do not believe any procedural guarantees were triggered, as the mere return of the benefits to DSS did not constitute a deprivation of McCaslin's property interest in them. Cf. Goldberg v. Kelly, 397 U.S. 254, 264 (1970) (hearing required before welfare benefits can be terminated ). Furthermore, McCaslin's vague attestation that, "upon information and belief," this postal employee was the person responsible for the alleged violations was not sufficient to rebut the employee's specific evidence to the contrary. See Moody v. St. Charles County, 23 F.3d 1410, 1412 (8th Cir.1994) (to avoid summary judgment, allegations must be substantiated with sufficient probative evidence, not mere speculation or conjecture); Tallman v. Reagan, 846 F.2d 494, 495 (8th Cir.1988) (per curiam) (only federal officials who actually participate in alleged violations are subject to Bivens actions).
 
 
 3
 To the extent McCaslin challenges the ruling on his FTCA claim, we conclude that dismissal was proper because McCaslin failed to exhaust his claim with the Postal Service. See 28 U.S.C. Sec. 2675(a).
 
 
 4
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska
 
 
 [2]
 The Honorable Richard G. Kopf, United States District Judge for the District of Nebraska