**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 18 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

SHARON MARIE PUENTE,

     Plaintiff-Appellant,

v.

JOHN J. CALLAHAN, Acting
Commissioner of Social Security,[*]

     Defendant-Appellee.

No. 97-1056
(D.C. No. 96-K-924)
(D. Colo.)

---

ORDER AND JUDGMENT[**]

---

Before BRORBY, BARRETT, and MURPHY, Circuit Judges.

---

[*]     Effective March 31, 1995, the functions of the Secretary of Health and Human Services in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. Pursuant to Fed. R. App. P. 43(c), John J. Callahan, Acting Commissioner of Social Security, is substituted for Donna E. Shalala, Secretary of Health and Human Services, as the defendant in this action.

[**]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Sharon Marie Puente appeals the district court's dismissal of her complaint for failure to state a claim upon which relief can be granted. We affirm.

In July 1968, plaintiff began receiving mother's insurance benefits based on the wage-earning record of her deceased husband. In 1981, Congress amended the Social Security Act to terminate mother's insurance benefits when the youngest child turned sixteen, rather than eighteen. In May 1984, when plaintiff's youngest child turned sixteen, the Social Security Administration (SSA) sent plaintiff a notice that her benefits would terminate, informing her that she could request reconsideration within sixty days. Plaintiff claims she never received this notice, which was sent to her address in Boulder, Colorado, because she was either in Michigan or New Mexico at the time. Plaintiff did not appeal the termination of her mother's benefits. In May 1995, when plaintiff sought reconsideration of the 1984 termination, her request was denied because she failed to appeal within sixty days after being notified of the termination.

In April 1993, plaintiff applied for and received Supplemental Security Income (SSI) benefits based on a diagnosis of chronic fatigue syndrome. Over the next year plaintiff received a series of letters adjusting her benefit amount to reflect in-kind income and overpayments. Plaintiff appealed the calculation of her chargeable income in two respects, disputing the SSA's determination that she received free rent from her daughter in May 1993 and that she received in-kind income by living in a room provided by her employer from October 1993 to March 1994. After a hearing, an Administrative Law Judge found that plaintiff should not be charged with in-kind income for May 1993, but that the in-kind income from October 1993 to March 1994 and all other income attributed to plaintiff were correct. Plaintiff did not appeal this decision.

In April 1996, plaintiff brought this action against the Commissioner of Social Security, requesting review of the Commissioner's decisions regarding her SSI benefits and the termination of her mother's benefits. Plaintiff claimed that the SSA negligently calculated her SSI benefit amounts, causing her damage; that termination of her vested mother's benefits was unlawful; and that she had been deprived the right to appeal the termination of her mother's benefits by the SSA's negligence in sending the notice to the Boulder address, and in informing her she had no right of appeal. The district court dismissed the action for failure to state a claim upon which relief could be granted.

On appeal, plaintiff raises the same arguments, and also alleges that she has been libeled by the SSA's findings of chargeable income and by a mental illness diagnosis in her medical record. We do not address the libel issues as they were not presented to the district court. See Crow v. Shalala, 40 F.3d 323, 324 (10th Cir. 1994) (holding we do not consider issues raised for first time on appeal absent compelling reasons). We review de novo the district court's dismissal of plaintiff's complaint for failure to state a claim upon which relief can be granted. See Chemical Weapons Working Group, Inc. (CWWG) v. United States Dep't of the Army, 111 F.3d 1485, 1490 (10th Cir. 1997). A complaint fails to state a claim if, taking the well-pleaded allegations as true and construing them in the light most favorable to plaintiff, no relief can be granted based on a dispositive issue of law. See Neitzke v. Williams, 490 U.S. 319, 326-27 (1989).

Defendant argues that plaintiff failed to exhaust either her claim regarding the SSI benefit adjustments or her claim regarding termination of the mother's benefits. Plaintiff's claim regarding the SSA's handling of her SSI benefits appears to allege negligence under the Federal Tort Claims Act. Such a claim is not cognizable, however, because 42 U.S.C. § 405(g), which does not contain a damages remedy, is the exclusive method "to recover on any claim arising under" the Social Security Act. 42 U.S.C. § 405(h); see Weinberger v. Salfi, 422 U.S. 749, 756-61 (1975) (holding § 405(h) bars federal-question jurisdiction of any

-4-

claim arising under Social Security Act except pursuant to § 405(g)); Tallman v. Reagan, 846 F.2d 494, 495 (8th Cir. 1988) (holding damages action for negligent handling of disability claim under FTCA fails to state a claim because barred by Social Security Act); see also Schweiker v. Chilicky, 487 U.S. 412, 424-25, 429 (1988) (noting that Social Security Act does not contain a "remedy in damages for emotional distress or for other hardships suffered" from mishandling of claim, and refusing to create Bivens remedy).

Examining plaintiff's SSI claim under § 405(g), we agree that plaintiff failed to exhaust the claim because she did not seek review before the Appeals Council. Section 405(g) authorizes judicial review of "final decisions" only, that is, decisions that have been appealed through all steps of the administrative review process. See Bowen v. City of New York, 476 U.S. 467, 482 (1986) ("To obtain a final decision from the [Commissioner] a claimant is required to exhaust h[er] administrative remedies by proceeding through all three stages of the administrative appeals process."); 20 C.F.R. § 416.1455 (providing administrative law judge's decision binding unless appealed to Appeals Council).

Nor has the exhaustion requirement been excused. The Commissioner has not waived the requirement, and we, as a reviewing court, do not find waiver appropriate, as petitioner has not raised a constitutional or statutory claim wholly collateral to her substantive claim of entitlement. See Heckler v. Ringer, 466

U.S. 602, 617-18 (1984); Mathews v. Eldridge, 424 U.S. 319, 330-31 & n.11 (1976); see also Reed v. Heckler, 756 F.2d 779, 784-85 (10th Cir. 1985) (applying exhaustion exception to collateral statutory claims). Thus the district court properly dismissed plaintiff's claim regarding the adjustments to her SSI benefits.

The dismissal of plaintiff's claim regarding termination of her mother's benefits was also proper. Procedurally, it appears that plaintiff is appealing the Commissioner's refusal to reopen her claim, a decision over which we have no jurisdiction. See Califano v. Sanders, 430 U.S. 99, 107-09 (1977). Even if plaintiff's claim is viewed as an appeal of her benefit termination, however, and even assuming that the exhaustion and statute of limitations requirements would be excused, plaintiff has failed to state a claim because Congress did not impair any vested rights by amending the Social Security Act to eliminate mother's benefits after a mother's youngest child attained the age of sixteen. See, e.g., Bowen v. Gilliard, 483 U.S. 587, 604-05 (1987) (holding that congressional reduction of social welfare benefits, or even elimination of such benefits, does not constitute a "taking" of private property); Bowen v. Public Agencies Opposed to Soc. Sec. Entrapment, 477 U.S. 41, 52, 55 (1986) (holding Social Security Act created no contractual rights, permitting Congress to alter its provisions without effecting a "taking" under the Fifth Amendment); Flemming v. Nestor, 363 U.S. 603, 608-11 (1960) (holding that right to social security benefits is not a

contractual property right, and that Congress could amend Social Security Act to eliminate accrued benefits so long as governmental action not arbitrary). As plaintiff does not argue that the amendment was arbitrary, but simply that it was unauthorized and unjust, she has not stated a claim upon which relief can be granted.

The judgment is AFFIRMED. Plaintiff's outstanding motions to submit additional evidence and for oral argument are DENIED. The mandate shall issue forthwith.

Entered for the Court

Michael R. Murphy
Circuit Judge