# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-2217

———————

| | |
|---|---|
| Elvie L. Riggins, | * |
| | * |
| Appellant, | * |
| | * Appeal from the United States |
| v. | * District Court for the Eastern |
| | * District of Arkansas. |
| Kenneth S. Apfel, Commissioner, | * |
| Social Security Administration, | * |
| | * |
| Appellee. | * |

———————

Submitted: December 17, 1998
Filed: May 24, 1999

———————

Before BEAM, FLOYD R. GIBSON, and LOKEN, Circuit Judges.

———————

FLOYD R. GIBSON, Circuit Judge.

Elvie L. Riggins appeals the district court's[1] judgment which affirmed the denial of his application for social security disability benefits, see 42 U.S.C. § 423 (1994), and supplemental security income, see 42 U.S.C. § 1381(a) (1994). We affirm.

## I.    BACKGROUND

———————

[1]The HONORABLE JERRY W. CAVANEAU, United States Magistrate Judge for the Eastern District of Arkansas, to whom this case was referred by consent of the parties pursuant to 28 U.S.C. § 636(c) (1994).

Riggins, who was thirty-three years old at the time that he claims he became disabled, has a ninth grade education. Riggins's past relevant work includes experience as a food delivery person and driver. In January 1993, Riggins injured his back lifting a fifty-five gallon drum of liquid while working at a chemical company. On September 1, 1993, Riggins filed applications for disability insurance benefits and supplemental security income, alleging a disability onset date of January 23, 1993. He claimed to be disabled and unable to work because of degenerative changes of the lumbar spine and right knee.

The Social Security Administration (Commissioner) denied Riggins's applications initially[2] and again on reconsideration. On November 25, 1996 following a supplemental hearing, the ALJ found, first, that Riggins had not engaged in substantial gainful activity since January 23, 1993. Second, the ALJ found that Riggins's severe impairments consisted of a history of degenerative changes of the lumbar spine and right knee. Third, the ALJ nonetheless concluded that Riggins did not have an impairment or combination of impairments that met or equaled the criteria found in the Listing of Impairments. See 20 C.F.R. Pt. 404, Subpt. P, App. 1 (1998). Fourth, the ALJ found that Riggins was unable to perform his past relevant work. Fifth, the ALJ determined that he had the residual functional capacity to perform light work with sitting and standing/walking limited to one hour without interruption, with additional restrictions against climbing ladders, kneeling, crawling, or more than occasional balancing, stooping, crouching, and pushing/pulling. The ALJ found that

---

[2]Following a hearing, an administrative law judge (ALJ) denied Riggins's claims on June 24, 1994, finding that Riggins had the residual functional capacity to perform sedentary work. The Appeals Council declined to review the ALJ's decision on October 17, 1994. Riggins then sought judicial review of this decision in the United States District Court for Eastern District of Arkansas; however, upon motion of the Commissioner, the district court remanded the case for further proceedings because a report from Ramon Lopez, M.D. had been omitted from the record and had not been considered by the ALJ.

the Commissioner met his burden to show a significant number of jobs within the national economy that Riggins could perform, given his residual functional capacity, age, education, and past work. These jobs included positions as an assembler, machine operator, and a hand packer. Accordingly, the ALJ concluded that the Listing of Medical-Vocational Guidelines[3] directed a finding that Riggins was not disabled. See Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987) (describing the five-step analysis). In addition, the ALJ discredited Riggins's subjective complaints of disabling pain after applying the factors set forth in Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984) (subsequent history omitted).

On January 17, 1997, the Appeals Council denied Riggins's request for further review, and the ALJ's decision thereby became the final decision of the Commissioner. Subsequently, Riggins appealed to the district court pursuant to 42 U.S.C. § 405(g) (1994). On April 27, 1998, the district court granted the Commissioner's motion for summary judgment, finding that substantial evidence supported the Commissioner's decision to deny Riggins disability insurance benefits and supplemental security income. On appeal, Riggins argues that (1) the Commissioner's decision that he is not disabled is not supported by substantial evidence because the ALJ improperly discredited his subjective complaints of disabling pain and (2) the ALJ's conclusion, that a significant number of jobs in the national economy exist that Riggins can perform, is not supported by substantial evidence because the ALJ posed a defective hypothetical question to the vocational expert. Riggins claims that this hypothetical question was defective because it did not clearly state that Riggins cannot sit for more than one hour without interruption and further failed to include Riggins's pain complaints.

## II.   DISCUSSION

---

[3]See 20 C.F.R. § 404.1569, § 416.969, and Pt. 404, Subpt P, App. 2, Table No. 2.

We review the Commissioner's findings to determine whether they are supported by substantial evidence in the record as a whole. See Clark v. Apfel, 141 F.3d 1253, 1255 (8th Cir. 1998). Substantial evidence is defined as relevant evidence which a reasonable mind would accept as adequate to support the Commissioner's conclusion. See id. In our review, we must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. See id. We may not reverse the Commissioner's decision merely because substantial evidence exists in the record to support a contrary outcome. See id.

We first address Riggins's argument that the ALJ improperly discredited his subjective complaints of pain. "As is true in many disability cases, there is no doubt that the claimant is experiencing pain; the real issue is how severe that pain is." Spradling v. Chater, 126 F.3d 1072, 1074 (8th Cir. 1997) (internal quotation and citation omitted). An ALJ must consider the following factors when analyzing a claimant's subjective complaints of pain: (1) the claimant's daily activities; (2) the duration, frequency and intensity of the pain; (3) dosage, effectiveness, and side effects of medication; (4) precipitating and aggravating factors; and (5) functional restrictions. See Polaski, 739 F.2d at 1322. Other appropriate factors include the claimant's relevant work history and the absence of objective medical evidence to support the complaints. See id. "An ALJ may discount a claimant's subjective complaints only if there are inconsistencies in the record as a whole." Jackson v. Apfel, 162 F.3d 533, 538 (8th Cir. 1998) (internal quotation and citation omitted).

Applying the foregoing factors, the ALJ concluded that Riggins's complaints of disabling pain lacked credibility. We agree because substantial evidence of inconsistencies exist between Riggins's allegations of disabling pain and the other evidence of record in this case. Despite Riggins's complaints of disabling pain, there was a substantial lack of medical evidence to support Riggins's allegations. Dr. Boyd, Riggins's treating physician, concluded that the best thing for Riggins would be to "get back into some kind of work," Tr. at 152, and released Riggins to return to work

subject to a one-month, twenty-five pound weight restriction on August 30, 1993. We accord substantial weight to the opinion of a treating physician. See Onstead v. Sullivan, 962 F.2d 803, 805 (8th Cir. 1992). Dr. Boyd also determined that surgery was not needed for Riggins's lower back condition. Similarly, Dr. Lindy, an examining orthopedist, concluded that Riggins could lift up to thirty pounds and could stand, walk, or sit for six hours and for only one hour continuously in an eight hour work day.

The ALJ noted Riggins's daily activities were inconsistent with his complaints of disabling pain. These daily activities included: driving his children to work, driving his wife to school, shopping, visiting his mother, taking a break with his wife between her classes, watching television, and playing cards. See Haynes v. Shalala, 26 F.3d 812, 814-15 (8th Cir. 1994) (ALJ may consider daily activities inconsistent with complaints of disabling pain). The ALJ also considered Riggins's admission that he had not taken prescription pain medication for years. Although Riggins claims he could not afford such medication, there is no evidence to suggest that he sought any treatment offered to indigents or chose to forgo smoking three packs of cigarettes a day to help finance pain medication. See Nelson v. Sullivan, 966 F.2d 363, 367 (8th Cir. 1992) (the mere use of nonprescription pain medication is inconsistent with complaints of disabling pain); and Murphy v. Sullivan, 953 F.2d 383, 386-87 (8th Cir. 1992) (it is inconsistent with the degree of pain and disability asserted where no evidence exists that claimant attempted to find any low cost or no cost medical treatment for alleged pain and disability). Therefore, we find that the evidence as a whole supports the ALJ's conclusion that Riggins's complaints of disabling pain were not credible.

We next turn to Riggins's second argument. Riggins contends that the ALJ's conclusion, that a significant number of jobs in the national economy exist that Riggins can perform, is not supported by substantial evidence because the ALJ posed an

ambiguous hypothetical[4] to the vocational expert. Riggins claims that this hypothetical was defective because it did not clearly state that Riggins cannot sit for more than one hour without interruption. Riggins also argues that the hypothetical was defective because it did not include Riggins's complaints of disabling pain.

The Commissioner points out that Riggins did not raise the issue of the clarity of the ALJ's hypothetical question at the administrative level or to the district court. At the administrative hearing, Riggins's attorney was present and had the opportunity to request that the ALJ restate the hypothetical more specifically. Such a failure to raise the argument at the agency level "ordinarily prevent[s] [a party] from raising it in judicial proceedings." Weikert v. Sullivan, 977 F.2d 1249, 1254 (8th Cir. 1992) (citation omitted). Additionally, in the district court, Riggins's only reference to the defective hypothetical concerned the alleged failure to include Riggins's subjective complaints of disabling pain. Accordingly, we do not believe that Riggins adequately raised the argument regarding the hypothetical's clarity below, and we decline to review this question. See id. (citation omitted). Even if we were to consider this argument, we would find that the hypothetical adequately expresses a one-hour limitation on continuous sitting.

Next, we consider Riggins's contention that the ALJ erroneously omitted Riggins's complaints of disabling pain from the hypothetical. We previously concluded that substantial evidence supported the ALJ's decision not to credit Riggins's subjective complaints of disabling pain. Accordingly, the ALJ properly did not include Riggins's complaints of disabling pain in the hypothetical question. See Hinchey v. Shalala, 29 F.3d 428, 432 (8th Cir. 1994) (ALJ's hypothetical question need not include claimant's subjective complaints if they are not supported by the record as a whole).

---

[4]The alleged ambiguity in the hypothetical concerns the following language: "This individual can sit up to six hours, stand and walk up to six hours, one hour without interruptions." Tr. at 223.

## III.    CONCLUSION

In summary, we hold that substantial evidence supports the ALJ's determination that Riggins is not disabled.  We further hold that the ALJ's hypothetical question was not defective, and, thus, substantial evidence supported the finding that there is a significant number of jobs in the national economy that Riggins can perform.  The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.