# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 99-1688

———————

Howard D. Brown,         &ast;
                    &ast;
      Appellant,       &ast;
                    &ast;   Appeal from the United States
  v.                   &ast;   District Court for the Eastern
                    &ast;   District of Arkansas.
Kenneth S. Apfel, Commissioner,   &ast;
Social Security Administration,     &ast;       [UNPUBLISHED]
                    &ast;
      Appellee.       &ast;

———————

Submitted: May 4, 2000

Filed: June 19, 2000

———————

Before McMILLIAN, LOKEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

———————

PER CURIAM.

Howard D. Brown appeals the district court's[1] order affirming the Commissioner's decision to deny his applications for disability insurance benefits and supplemental security income. Mr. Brown had alleged disability since May 1987 from right-side nerve and muscle damage. After a hearing, an administrative law judge

———————

[1]The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom this case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

(ALJ) concluded that although Mr. Brown could not perform his past relevant work, based on the medical-vocational guidelines he had the residual functional capacity for a full range of sedentary work. In his decision, the ALJ specifically discounted the opinion of Mr. Brown's consulting psychologist, Dr. Douglas Stevens, that Mr. Brown was vocationally disabled from major depression, a pain disorder, and certain personality traits.[2]

On appeal, Mr. Brown argues the ALJ erred in discrediting his subjective complaints of pain, in disregarding Dr. Stevens's uncontroverted opinion and substituting his own, in applying the medical-vocational guidelines instead of calling a vocational expert (VE), and in failing to evaluate the combined effects of his impairments. After a thorough review of the record, we conclude the ALJ's findings are supported by substantial evidence in the record as a whole. See Prosch v. Apfel, 201 F.3d 1010, 1012 (8th Cir. 2000) (standard of review).

The ALJ properly discredited Mr. Brown's subjective complaints of pain by noting the inconsistency between the medical findings and the level of his alleged pain; the lack of limitations--other than heavy lifting, overhead reaching, and certain right-arm activity restrictions--imposed by his physicians; his daily activities; his failure to seek medical treatment since 1991; and the lack of prescription pain medications. See Gray v. Apfel, 192 F.3d 799, 803-04 (8th Cir. 1999) (ALJ properly discredited claimant's subjective complaints of pain based on discrepancy between complaints and medical evidence, inconsistent statements, lack of pain medications, and extensive daily activities); Riggins v. Apfel, 177 F.3d 689, 692 (8th Cir. 1999) ("'As is true in many disability cases, there is no doubt that the claimant is experiencing pain; the real issue is how severe that pain is.'" (citation omitted)). Also, the ALJ appropriately discounted Mr. Brown's contention that he could not afford medication and further treatment

_____

[2]Dr. Stevens's November 1995 assessment was not conducted until after Mr. Brown's applications were denied initially and on reconsideration.

absent evidence showing he sought low-cost or free medical care, and given the evidence suggesting he routinely bought beer and cigarettes.  See Riggins, 177 F.3d at 693.

We agree with the district court that the ALJ properly discredited the opinion of Dr. Stevens, as the only evidence of a mental impairment was Dr. Stevens's one-time assessment, which was based on Mr. Brown's self-reported symptoms and his performance on tests; and Mr. Brown did not take anti-depressants or seek treatment either before or after Dr. Stevens's assessment.  See Jenkins v. Apfel, 196 F.3d 922, 925 (8th Cir. 1999) (opinion of consulting physician who examined claimant once or not at all does not generally constitute substantial evidence); cf. Clark v. Apfel, 141 F.3d 1253, 1256 (8th Cir. 1998) (IQ scores were properly disregarded where they resulted from one-time assessment of non-treating psychologist and were inconsistent with claimant's daily activities, and other medical records made no mention of intellectual impairment).

Finally, we agree with the district court that the ALJ could rely on the medical-vocational guidelines and was not required to consult a VE, as he properly discredited Mr. Brown's alleged nonexertional impairments of depression and disabling pain, see Reynolds v. Chater, 82 F.3d 254, 259 (8th Cir. 1996); and that Mr. Brown's combined-impairment argument fails, because the ALJ specifically noted his post-accident back, neck, shoulder, and leg problems, finding them severe but not of the listing level either alone or in combination, see Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.