# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1600

_____

Patricia J. Robinson,                                    *
                                                         *
            Appellant,                                   *
                                                         *    Appeal from the United States
      v.                                                 *    District Court for the
                                                         *    District of Nebraska.
Kenneth S. Apfel, Commissioner of                        *
Social Security Administration,                          *        [UNPUBLISHED]
                                                         *
            Appellee.                                    *

_____

Submitted: November 7, 2000
Filed: November 16, 2000

_____

Before RICHARD S. ARNOLD, HANSEN, and BYE, Circuit Judges.

_____

PER CURIAM.

Patricia J. Robinson appeals the district court's[1] order affirming the Commissioner's decision to deny her application for disability insurance benefits. Robinson had alleged she could not work because of polio-related deformed feet; swollen, painful knees; fatigue and weakness; and pain in her right hip and back. After a hearing, the administrative law judge (ALJ) found that, based in part on vocational expert (VE) testimony--and despite Robinson's severe post-polio-related joint and back

_____

[1]The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

pain, as well as major depression, post traumatic stress disorder, and personality disorder--she had the residual functional capacity to work as a cashier, an unskilled sedentary job. For reversal, Robinson argues (1) the hypothetical upon which the VE based his opinion was inadequate because it did not include borderline intellectual functioning, fatigue, and the need to lie down most of the day; and (2) the ALJ erred by not specifically discussing Listing 11.11, as required by the Program Operations Manual System guideline on evaluating the late effects of polio.

Having carefully reviewed the record, we conclude that the ALJ's decision is supported by substantial evidence. See Roberts v. Apfel, 222 F.3d 466, 468 (8th Cir. 2000) (standard of review). The ALJ arranged for a post-hearing consultation, at which time the consulting psychologist determined that Robinson's level of intellectual function was "probably" average. Further, the ALJ was not required to include in the hypothetical Robinson's alleged fatigue and need to lie down because he properly discredited Robinson's subjective complaints on these matters. The ALJ noted, among other things, the limited objective medical evidence supporting her allegations, her failure consistently to seek medical treatment, her former employer's assessment of work she had performed immediately before the alleged onset of disability, statements she had made that were unsupported or conflicting, and her failure to mention to consultants certain problems she described at the hearing. See Riggins v. Apfel, 177 F.3d 689, 694 (8th Cir. 1999) (ALJ may exclude claimant's subjective complaints from hypothetical where ALJ discredits them as unsupported by whole record); cf. Haggard v. Apfel, 175 F.3d 591, 594-95 (8th Cir. 1999) (decision of ALJ who considers, but for good cause expressly discredits, claimant's subjective complaints of pain will not be disturbed; evidence as whole supported ALJ's conclusion that claimant had some pain, but not precluding all work).

We decline to address Robinson's second argument, as she did not raise it in the district court, and we conclude no manifest injustice will result. See Roberts, 222 F.3d at 470.

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.