# United States Court of Appeals
### For the Eighth Circuit

_____

No. 13-2351
_____

Kyle Bryant, On behalf of Donald Bryant

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner, Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro

_____

Submitted: April 18, 2014
Filed: September 25, 2014
[Unpublished]

_____

Before LOKEN and MURPHY, Circuit Judges, and SIPPEL[1], District Judge.

_____

PER CURIAM.

Donald Bryant applied for Social Security disability benefits and supplemental security income in August 2008, claiming an onset of disability in June 2008. After

---

[1] The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri, sitting by designation.

a hearing at which Bryant and a vocational expert ("VE") testified, the Administrative Law Judge ("ALJ") found that (i) Bryant suffers from severe impairments that do not meet the criteria of listed impairments -- hiatal hernia, COPD, colon problems, liver problems, hypertension, and heart problems; (ii) he has the residual functional capacity ("RFC") to perform less than the full range of sedentary work because he must avoid concentrated exposure to fumes, odors, dust, gases and poor ventilation; (iii) he cannot perform his past relevant work as spray painter and metal press operator; but (iv) based in part on the VE's response to a hypothetical the ALJ posed at the hearing, Bryant was not disabled because he has the RFC to perform other work such as machine tender, escort vehicle driver, and unskilled assembler.

Bryant died from cardiac arrest and heart disease while his administrative appeal was pending; his son, Kyle Bryant, filed a notice of substitution. After the Commissioner's Appeals Council denied the appeal, Kyle Bryant brought this action seeking judicial review of the adverse agency action. The district court[2] dismissed the action, concluding the ALJ's decision was supported by substantial evidence in the record as a whole. Kyle Bryant appeals, arguing the ALJ relied on a flawed credibility assessment when posing the hypothetical question to the VE. Applying the same deferential standard of review as the district court, we affirm. See Brown v. Barnhart, 390 F.3d 535, 538 (8th Cir. 2004) (standard of review).

At the hearing, Bryant testified he is unable to raise his arms above his head and has limited use of his left hand. He alleged shortness of breath and fatigue that prevent him from walking for more than thirty minutes or standing for more than fifteen minutes without a break. He has severe pain in his liver "all the time." He sleeps in a recliner since a 1993 colostomy. He cannot run or jump and is unable to

---

[2]The Honorable J. Thomas Ray, United States Magistrate Judge for the Eastern District of Arkansas, who heard the case with the consent of the parties pursuant to 28 U.S.C. § 636(c).

lift, carry, push, or pull "anything." He suffers rectal pain if he sits for a long period. He has trouble paying attention and concentrating and cannot follow instructions at work. He cannot read "worth a hoot," count money, or balance a checkbook.

Alice M. Davidson, a state Disability Determination Services doctor, performed a physical assessment and opined that Bryant could frequently lift ten pounds, could occasionally lift twenty pounds, could stand and sit for six hours in an eight-hour workday, has an unlimited ability to push and pull, and has no visual, manipulative, or communicative limitations. The VE testified that Bryant's environmental restrictions would prevent him from performing his past relevant work.

After considering Bryant's testimony and the medical evidence, the ALJ found that Bryant has the RFC to lift and carry ten pounds occasionally, to lift and carry less than ten pounds frequently, and to stand or walk two hours and sit six hours in an eight-hour workday with normal breaks. He must avoid concentrated exposure to fumes, odors, dust, gases and poor ventilation, and is limited to rote, unskilled work with simple, direct, and concrete instructions and only incidental interpersonal contact. Having found that Bryant cannot perform his past relevant work, the ALJ posed a hypothetical question to the VE incorporating the RFC as found by the ALJ to determine if someone with Bryant's RFC could perform other jobs that existed in sufficient numbers in the economy. In response, the VE stated that a person of Bryant's age (47) with such limitations could perform the work of machine tender, sedentary assembly, or escort-vehicle driver. Crediting this response, the ALJ found that Bryant has the residual functional capacity to perform less than the full range of sedentary work and is not disabled.

On appeal, Kyle Bryant argues the ALJ erred in discrediting Bryant's testimony that he is "almost totally incapacitated" by his "severe disabling pain and related symptoms." Therefore, Kyle argues, the ALJ's RFC finding, and his hypothetical to the VE, were inconsistent with the record evidence, which includes a claimant's

subjective complaints of pain and other limitations. Kyle Bryant urges us to remand with directions to award the benefits to which Bryant was entitled before his death or, alternatively, for a proper assessment of Bryant's credibility.

The ALJ expressly acknowledged that Bryant's testimony "alleged severe disabling pain and associated symptoms to the extent that he is unable to work." The ALJ found that the allegations concerning the intensity, persistence, and limiting effects of Bryant's symptoms were not credible to the extent they conflicted with the ALJ's RFC assessment. In making this finding, the ALJ explicitly considered the factors for evaluating subjective complaints listed in Polaski v. Heckler, 739 F.2d 1320 (8th Cir. 1984). The ALJ found that Bryant's daily activities were inconsistent with his subjective allegations. Compare Clevenger v. Soc. Sec. Admin., 567 F.3d 971, 976 (8th Cir. 2009). Likewise, the ALJ found, the medical evidence did not support Bryant's complaints of disabling pain and limitations. The medical treatment he sought and the medications prescribed were not as aggressive as one would expect for the alleged disabling pain, and no treating physicians had placed this level of limitation on Bryant's activities. The ALJ noted that Bryant collected unemployment compensation benefits from August 2008 through at least October 2009; that Bryant had not acted on his doctor's advice to lose weight -- he was 5'4" tall and weighed 240 pounds -- and to stop smoking one to one-and-a-half packs of cigarettes per day; and that he had failed to seek treatment for the alleged inability to concentrate.

"[W]e will defer to an ALJ's credibility finding as long as the ALJ explicitly discredits a claimant's testimony and gives a good reason for doing so." Wildman v. Astrue, 596 F.3d 959, 968 (8th Cir. 2010). Here, the ALJ cited several inconsistencies, all supported by the record, that supported his credibility finding. Though Bryant testified that his non-compliance with blood pressure medication was due to a lack of financial means, he continued to smoke heavily and failed to provide evidence that he sought treatment available to indigents, which undermined the credibility of his claim that medical non-compliance was due to financial hardship.

See Riggins v. Apfel, 177 F.3d 689, 693 (8th Cir. 1999). Likewise, Bryant's receipt of unemployment benefits, though not conclusive, supported the ALJ's credibility determination. See Jernigan v. Sullivan, 948 F.2d 1070, 1074 (8th Cir. 1991). The ALJ did not entirely discount Claimant's allegations of pain, as the RFC assessment limited Bryant to two hours of standing per workday, occasional lifting of ten pounds, and frequent lifting of less than ten pounds, and found that his environmental limitations required that he avoid concentrated exposure to fumes, odors, dust, gases, and poor ventilation. After careful review, we agree with the district court that substantial evidence in the record as a whole supports the ALJ's credibility assessment, his hypothetical to the VE, and his ultimate finding that Bryant was not disabled during the period in question.

The judgment of the district court is affirmed.

_____