**Fred RAINEY, Appellant,**

v.

**DEPARTMENT OF HEALTH AND HUMAN SERVICES, Secretary, Appellee.**

No. 94–1983.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 5, 1995.

Decided Feb. 15, 1995.

Nancy L. Hamm, Fayetteville, AR, for appellant.

Joseph B. Liken, HHS, Dallas, TX, for appellee.

Before McMILLIAN, FAGG and BOWMAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Fred Rainey appeals from the final order entered in the District Court for the Eastern District of Arkansas, affirming the decision of the Secretary of Health and Human Services to deny Rainey's application for disability insurance benefits (DIB) and supplemental security income (SSI). For the reasons discussed below, we reverse and remand with instructions to the district court to remand the case to the Secretary for further proceedings.

On November 20, 1990, Rainey applied for benefits claiming he became disabled as a result of a heart condition on September 26, 1990. The Social Security Administration (SSA) denied Rainey's application initially and on reconsideration. Upon Rainey's request, the SSA scheduled a hearing before an Administrative Law Judge (ALJ).

Following a September 1991 hearing, the ALJ concluded that, as a result of Rainey's aortic valvular disease following his single bypass surgery in October 1990 and some continuing chest pain, Rainey would be precluded from jobs involving heavy lifting or repetitive bending, or pushing or pulling. The ALJ concluded, however, that Rainey should be able to do work involving limited lifting or light exertion, and that the credible medical evidence and testimony were consistent with the finding that he could perform the exertional requirements of light work.

The ALJ acknowledged his duty according to the requirements set forth in *Polaski v. Heckler,* 751 F.2d 943 (8th Cir.1984) (subsequent history omitted), to evaluate the evidence relating to subjective complaints, and he articulated the factors he was to apply, but the ALJ then stated simply, "it appears from the weight and preponderance of all the credible evidence of record, including the medical evidence and testimony, that the pain and discomfort factor is not of such persistence or severity as to be disabling." The ALJ noted only that Rainey assisted his wife with cooking canned foods which required only heating; did not do household maintenance other than dishes or light cooking; read and watched television; visited with his mother when someone drove him; and drove to shop for groceries. From this, the ALJ concluded that Rainey demonstrated that he had the ability to perform light work (except for that which required pushing or pulling), and thus, his allegations of severe and disabling pain were not credible. The ALJ further found, on the basis of the vocational expert's testimony, that there were a significant number of jobs which Rainey could perform in the national and regional economies. Thus, the ALJ concluded Rainey was not disabled.

Rainey submitted additional records to the Appeals Council, but the Appeals Council denied further review; Rainey sought judicial review. The district court concluded that the Secretary's decision was supported by substantial evidence.

■ The ALJ correctly noted that credibility determinations are for the Secretary to make. *See Ghant v. Bowen,* 930 F.2d 633, 637 (8th Cir.1991). We agree with Rainey, however, that the ALJ failed to set forth with any specificity the basis for discrediting Rainey's subjective complaints of pain. Merely stating that he evaluated Rainey's subjective complaints of pain and fatigue, without more, is insufficient to support a conclusion that Rainey's pain and discomfort were not of such persistence or severity as to be disabling. *See Cline v. Sullivan,* 939 F.2d 560, 567–69 (8th Cir.1991) (ALJ must expressly determine why subjective complaints not credible and set forth inconsistencies in record).

■ While the ALJ noted some activities in which Rainey could engage, the ALJ did not indicate how these minor activities were inconsistent with Rainey's allegations of disabling pain or were consistent with his ability to engage in light work. Moreover, the types of activities the ALJ noted Rainey could do were activities we have held are not substantial evidence of the ability to do full-time competitive work. *See Harris v. Secretary of Dep't of Health & Human Servs.,* 959 F.2d 723, 726 (8th Cir.1992).

We instruct the district court to remand this case to the Secretary to make express determinations regarding Rainey's credibility and to set forth inconsistencies, if any, in the

record. In light of our remand, we need not address Rainey's other arguments on appeal.

Accordingly, we reverse and remand the case to the district court with instructions.