Maria MANJAVINOS, Plaintiff,

v.

Kenneth S. APFEL, Comissioner of Social Security, Defendant.

No. CIV.4–99–CV–10390.

United States District Court,
S.D. Iowa,
Central Division.

May 31, 2000.

H. Edwin Detlie, Attorney at Law, Ottumwa, IA, for Plaintiff.

Christopher D. Hagen, Assistant U.S. Attorney, Des Moines, IA, for Defendant.

### ORDER

LONGSTAFF, District Judge.

Plaintiff seeks review of the Commissioner of Social Security's ("Commissioner") decision denying her supplemental security income benefits ("SSI") under Title XVI of the Act, 42 U.S.C. §§ 1381 *et seq.* Pursuant to 42 U.S.C. § 1383(c)(3), this Court may review the final decision of the Commissioner.

### I. PROCEDURAL HISTORY

Plaintiff Maria Manjavinos first applied for SSI benefits on December 29, 1992 alleging disability since November 21, 1987. She was denied benefits initially

---

**1.** Plaintiff's attorney states in the brief on this appeal that "[s]ince the Appeals Council refused to correct the denial by the ALJ, the claimant has again applied, and was allowed [benefits], as of August of 1999, when she reapplied. Therefore the dispute in this case is not whether she is disabled. The Social Security Administration has found that she is disabled. The dispute is the onset date." *See*

and upon reconsideration of that decision. A hearing was held before an administrative law judge ("ALJ") on July 11, 1995. Plaintiff was 44 years old on the date of the hearing. In a written decision dated January 8, 1996, the ALJ found plaintiff was not under a disability as defined by the Act, and denied her application. The Appeals Council of the Social Security Administration ("Appeals Council") denied plaintiff's request for review. Subsequently, on September 11, 1997, this Court remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) for additional development of plaintiff's mental status.

A second hearing was held before the ALJ on October 21, 1998. Plaintiff was 47 years old on this date. A written decision was issued November 2, 1998, in which the ALJ again found plaintiff was not under a disability. On June 7, 1999 the Appeals Council denied plaintiff's request for review. This second decision of the ALJ thus stands as the final decision of the Commissioner. Plaintiff then filed this action for judicial review on July 8, 1999.[1]

### II FINDINGS OF THE COMMISSIONER

The ALJ found the medical evidence to establish plaintiff "has severe impairments including: complaints of back, neck and joint pain, headaches, major depressive disorder, panic disorder with agoraphobia, and somatopsychic condition." Tr. 311. However, the ALJ concluded this combination of impairments was not listed in or medically equal to one listed in the Listings, and further that the testimony of plaintiff was not credible. *Id.* Next, the ALJ determined plaintiff had the residual functional capacity ("RFC"):

---

Plaintiff's Brief, at 1–2. This misconstrues the issue before this Court. The fact plaintiff has been found disabled and entitled to benefits subsequent to this current appeal and initial filing does not affect the issue before this Court: whether there was substantial evidence on the record as a whole to support the ALJ's decision that plaintiff was not disabled.

to perform the exertional and nonexertional requirements of work except for lifting more than 40 pounds occasionally and more than 20 pounds repetitively. She has no problems sitting, standing, and walking with the usual breaks in an eight hour workday. She has no difficulty with climbing, stooping, or bending. She should not work near unprotected heights, scaffolds, or ladders due to vertigo. The claimant has slight restriction in activities of daily living and slight to moderate difficulties in maintaining social functioning. She seldom has deficiencies of concentration, persistence, and pace and has never had episodes of deterioration or decompensation in work or work-like settings. She has between fair to poor ability in dealing with work stress so she should not work in a high stress job with complex decision making but is able to tolerate a simple routine job with low stress.

Tr. at 312.

The ALJ determined plaintiff could not perform her past relevant work as a waitress. *Id.* However, the ALJ found plaintiff could still perform jobs which exist in significant numbers in the national economy, such as kitchen helper, office helper, and document preparer. *Id.* Thus, the ALJ concluded plaintiff was not under a disability as defined under the Act at any time through the date of the decision. *Id.*

## III. APPLICABLE LAW AND DISCUSSION

### A. Standard of Review

A court must affirm the decision of the Commissioner if substantial evidence on the record as a whole supports the decision. 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance, but enough so that a reasonable mind might accept it as adequate to support a conclusion." *Johnson v. Chater,* 108 F.3d 942, 943 (8th Cir.1997). A court must take into account "whatever in the record fairly detracts from the decision." *Kelley v. Callahan,* 133 F.3d 583 (8th Cir.1998). "The

denial of benefits shall not be overturned merely because substantial evidence exists in the record to support a contrary decision." *Fenton v. Apfel,* 149 F.3d 907, 911 (8th Cir.1998) (citation omitted). "When evaluating contradictory evidence, if two inconsistent positions are possible and one represents the [Commissioner's] findings," a court must affirm. *Id.* (citations omitted).

### B. Whether the ALJ Properly Evaluated the Medical Opinions

Plaintiff argues the ALJ erred in favoring the opinions of Daniel Tranel, Ph.D., neurologist, and James Gallagher, M.D., over the opinions of Lois Michaud, Ph.D., psychologist, and Russel England, M.D, psychiatrist. Dr. Tranel was an examining physician who answered a set of interrogatories provided for him by the ALJ. Tr. 489–92. Dr. Gallagher testified at the second hearing before the ALJ on October 21, 1998. Dr. Gallagher never personally examined plaintiff and just testified as to his opinion after reviewing the record. Tr. 354–59. Dr. Michaud and Dr. England were the examining psychologist and psychiatrist, respectively, who conducted exams at the request of Disability Determination Services in August of 1995. Tr. 275–77; 267–70. None of these four were treating physicians, and based on the record, it appears none of these medical professionals examined plaintiff more than once.

On the one side, Dr. Tranel noted that plaintiff "produced frank evidence of malingering and exaggeration of symptoms." Tr. 489. Dr. Tranel found plaintiff to suffer from somatopsychic condition, which may have stemmed from the car accident which occurred on November 21, 1987. Tr. 490. However, Dr. Tranel also stated that "[t]he likelihood that she has permanent brain damage is, in my' view, essentially zero." Tr. 491. As a professor of both psychology and neurology at the University of Iowa, this assessment was within

his area of expertise. Dr. Gallagher, at the second hearing before the ALJ, agreed with Dr. Tranell and further explained that he believed plaintiff had an anxiety disorder. Tr. 356. Dr. Gallagher stated that he felt this was a treatable problem, and didn't understand the plaintiff's failure to seek treatment and medication. Tr. 357.

On the other side, Dr. Englund found plaintiff would have problems with memory, understanding and carrying out instructions, along with concentration and pace. Tr. 269. Dr. Englund found plaintiff overwhelmed by panic attacks and agoraphobia. Tr. 270. Dr. Michaud found plaintiff severely impaired in her memory, concentration, and rote learning. Tr. 275. Michaud also found her to struggle with panic, agoraphobia and depression. Tr. 276.

■ "[T]he ALJ may reject the conclusions of any medical expert, whether hired by a claimant or by the government, if inconsistent with the medical record as a whole." *Bentley v. Shalala,* 52 F.3d 784, 787 (8th Cir.1995) (citing *Bland v. Bowen,* 861 F.2d 533, 535 (8th Cir.1988); *Fulton v. Heckler,* 760 F.2d 1052, 1056 (10th Cir. 1985); and *Richardson v. Perales,* 402 U.S. 389, 402–03, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)). An ALJ is supposed to give special weight to the opinions of treating physicians, although even this opinion is not automatically controlling. *Id.* at 785–86 (citation omitted). Where the medical evidence is equally balanced, the ALJ resolves the conflict. *Id.* at 787 (citations omitted).

The opinion of treating physicians are worth noting at this juncture. Robert Boyer, M.D., found that after seeing plaintiff five to six times, as of August 1995, plaintiff was doing better and could benefit from medication. Tr. 435. Dr. Boyer referred plaintiff to Eliza L. Pineda, M.D., psychiatric consultant, who proscribed Alprizolan in August 1995. Tr. 440. The ALJ stated that in October 1995, Dr. Pineda reported that the medications were "helping and calming her." Tr. 297. An earlier treating psychologist, George J. Pratt, Ph.D., diagnosed plaintiff with post traumatic stress disorder, panic disorder with agoraphobia, and generalized anxiety disorder. Tr. 165. Dr. Pratt gave plaintiff a prognosis status, as to whether plaintiff's status could be expected to improve, of "fair." *Id.*

The Court finds that the ALJ did not discount the opinion of the treating physicians as plaintiff argues, but simply looked at the whole record in evaluating the medical evidence.

■ The Court finds the medical evidence in the record before the ALJ to have been equally balanced. Substantial evidence exists in the record in support of the ALJ's decision to accept and rely upon the medical opinions of Dr. Tranel and Dr. Gallagher. The ALJ properly viewed and processed the medical opinions, and made a well-supported judgment. Accordingly, this Court finds the hypothetical question posed by the ALJ to the vocational expert ("VE") fully accounted for the plaintiff's impairments.[2]

### C. The ALJ's Credibility Analysis

■ Lacking objective medical evidence to substantiate plaintiff's complaints, an ALJ must consider a claimant's subjective complaints of pain based on the factors set forth in *Polaski v. Heckler,* 751 F.2d 943 (8th Cir.1984). These factors include:

(1) the claimant's daily activities; (2) the duration, frequency and intensity of pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness and

---

2. Plaintiff argued the ALJ's question to the VE wrongly did not include the limitations placed on the plaintiff by Drs. Michaud and England. As this Court finds the decision to accept the opinions of Drs. Tranel and Gallagher is sup-

ported by substantial evidence, the same holds true with the hypothetical question which incorporated the opinions of Tranel and Gallagher.

side effects of medication; and (5) functional restrictions.

*Keller v. Shalala,* 26 F.3d 856, 859 (8th Cir.1994) (*citing Polaski* ).

 An ALJ who rejects a claimant's complaints must make an express credibility determination explaining his reasons for discrediting the complaints. *Ghant v. Bowen,* 930 F.2d 633, 637 (8th Cir.1991). Merely stating that the ALJ evaluated the claimant's subjective complaints of pain is insufficient to support a conclusion that the claimant's pain was not of such persistence or severity to be disabling. *Rainey v. Department of Health & Human Services,* 48 F.3d 292, 293 (8th Cir.1995). Subjective complaints of pain may be discounted only to the extend they are inconsistent with the evidence as a whole. *Stout v. Shalala,* 988 F.2d 853 (8th Cir. 1993).

This Court finds the ALJ appropriately followed *Polaski* in concluding plaintiff was not disabled during the time period at issue. The ALJ noted that plaintiff gets her son up for school, dusts the house, does laundry, helps her daughter with getting her son to boy scouts and band class, and in 1996 helped her stepfather by watching his retail store. Tr. 306–7. The ALJ discussed plaintiff's failure to take medications for her mental impairments despite recommendations that she should, and that plaintiff had Title 19 medical insurance which would have covered her costs of such medications. Tr. 305–6; *see Johnson v. Chater,* 87 F.3d 1015, 1017 (8th Cir.1996). The ALJ also discussed plaintiff's marital and financial struggles as precipitating and aggravating factors with her impairments. While plaintiff's complaints standing alone may support a finding of disability, the ALJ was in a better position to assess plaintiff's credibility and this Court will not substitute its opinion for that of the ALJ. *See Woolf v. Shalala,* 3 F.3d 1210, 1213 (8th Cir.1993).

## IV. CONCLUSION

For the above stated reasons, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.