# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2744

_____

Tywana Edwards,

        Appellant,

v.

Jo Anne B. Barnhart, Commissioner,
Social Security Administration,

        Appellee.

    *
    *
    *   Appeal from the United States
    *   District Court for the
    *   Eastern District of Arkansas.
    *
    *
    *
    *
    *

_____

Submitted: December 9, 2002
Filed: January 3, 2003

_____

Before BOWMAN, MORRIS SHEPPARD ARNOLD, and RILEY, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Tywana Edwards, alleging injuries from a car crash, petitioned the Social Security Administration (SSA) for supplemental security income. An Administrative Law Judge (ALJ) denied her request, finding that Edwards's subjective complaints of pain were not credible and that her physician's opinion did not deserve controlling weight. The SSA Commissioner and the District Court[1] agreed with the ALJ's decision. Finding substantial evidence to support that decision, we affirm.

_____

[1]The Honorable John F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas.

The ALJ ultimately found that Edwards had the residual functional capacity to work in certain jobs, such as medical service clerk and receptionist, which involve light work. See 20 C.F.R. § 416.920 (2002). The ALJ's decision relied on three major premises. First, Edwards's subjective complaints of pain were not credible, in large part because they were inconsistent with the medical evidence in the record and with her "wide range of normal daily activities." SSA Decision, Apr. 10, 2001, at 6. Second, her treating physician's opinion did not receive substantial weight because it was conclusory and inconsistent with her previous medical record. Third, Edwards failed to secure consistent medical care or medication.

We affirm the ALJ's decision if the record contains substantial evidence to support it. Substantial evidence is less than a preponderance but enough so that a reasonable mind could find it adequate to support the decision. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). We examine evidence both supporting and detracting from the decision, and we cannot reverse the decision merely because there exists substantial evidence supporting a different outcome. Woolf v. Shalala, 3 F.3d 1210, 1213 (8th Cir. 1993).

We begin our review with Edwards's subjective complaints of pain. The ALJ was required to consider all evidence related to: (1) Edwards's daily activities; (2) the duration, frequency, and intensity of her pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of her medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984), cert. denied, 482 U.S. 927 (1987). Edwards's relevant work history and the absence of objective medical evidence should also be considered, see Black v. Apfel, 143 F.3d 383, 386 (8th Cir. 1998), although her subjective complaints cannot be disregarded solely because they are not supported by medical evidence, see Melton v. Apfel, 181 F.3d 939, 941 (8th Cir. 1999). Subjective complaints can be discounted, however, where inconsistencies appear in the record as a whole. Polaski, 739 F.2d at 1322.

Our touchstone is that Edwards's credibility is primarily a matter for the ALJ to decide. See Pearsall v. Massanari, 274 F.3d 1211, 1218 (8th Cir. 2001).

Edwards urges that her subjective complaints of pain are consistent with her medical records, but the ALJ found three instances where a physician's notes were not in harmony with Edwards's testimony. Such inconsistencies should be analyzed in a credibility determination. See, e.g., Krogmeier v. Barnhart, 294 F.3d 1019, 1024 (8th Cir. 2002). First, Edwards complained at the hearing of chest pain, but medical records show that the pain decreased one month after Edwards first reported it and that chest pain was not mentioned in a functional limitations report another month after that. Second, Edwards complained at the hearing of headaches, but the medical records contain few references to headache complaints; where the medical records do mention headache complaints, she was diagnosed with hypertension, and she responded well to the appropriate medication. Third, her complaints at the hearing of nausea and vomiting are not mentioned in any physician's reports. We find the ALJ properly considered these inconsistencies in evaluating the credibility of Edwards's testimony.

Next, Edwards argues that her daily activities are consistent with her subjective complaints of pain. Edwards can shop, drive short distances, attend church, and visit relatives, and, in her brief, she cites to cases in which we have held that claimants who perform similar daily activities are not by reason of those activities necessarily precluded from a finding of disability. See Cline v. Sullivan, 939 F.2d 560, 566 (8th Cir. 1991); Rainey v. Dep't of Health & Human Servs., 48 F.3d 292, 293 (8th Cir. 1995). In Rainey and in Cline, our concern was that the ALJ failed to explain the inconsistencies between the claimants' activities and their subjective complaints. Cline, 939 F.2d at 566; Rainey, 48 F.3d at 293. The ALJ in Edwards's hearing, however, provided an explanation: the activities that Edwards performed "necessitate[] the ability to do a number of tasks and suggest[] a greater physical and mental capacity than asserted." SSA Decision at 6. The ALJ further explained that

"the greater daily activities revealed in the medical notes is [sic] generally consistent with the objective laboratory studies and objective clinical findings that establishes [sic] very minimal medical foundation for functional limitations." Id. Consistent with our precedents, we find substantial evidence to support the ALJ's findings with respect to Edwards's activities and alleged pain. See, e.g., Shannon v. Chater, 54 F.3d 484, 487 (8th Cir. 1995) (finding claimant's daily activities of cooking, cleaning, visiting friends and relatives, and attending church to be inconsistent with subjective complaints of unbearable knee pain).

In addition to protesting the ALJ's credibility findings, Edwards contends that her treating physician's opinion deserves controlling weight. An ALJ should ordinarily give substantial weight to a treating physician's opinion, Singh v. Apfel, 222 F.3d 448, 452 (8th Cir. 2000), but if the opinion is inconsistent with or contrary to the medical evidence as a whole, the ALJ can accord it less weight, Krogmeier, 294 F.3d at 1023. Edwards's treating physician, Dr. Clopton, wrote a letter that stated, "I feel that on the basis of her multi-system disease, this individual is unable to work." Letter from Dr. Clopton (Dec. 19, 2000). The balance of the letter explained that she was diagnosed with hypertension in July 1998; listed her height, weight, and pulse; and listed her medications as of 1998. The letter then itemized eight current diagnoses, but it did not explain the objective medical evidence supporting the diagnoses. The ALJ found this letter to be inconsistent with Edwards's treatment course and clinical notes, and we agree. Dr. Clopton's third diagnosis was atypical chest pain, yet Edwards showed normal cardiac function and no ischemia (no decreased blood supply to the heart) as of November 30, 2000. Further, just one month later, Dr. Clopton assessed Edwards's specific functional limitations and made no mention of hypertension or atypical chest pain. The assessment, which detailed environmental restrictions in addition to movement limitations, listed no significant or active treatments for the restrictions. Like the December 19 letter, it was conclusory, and a conclusory statement—that is, a statement not supported by

medical diagnoses based on objective evidence—will not support a finding of disability. See Bates v. Chater, 54 F.3d 529, 532 (8th Cir. 1995).

Edwards's final argument is that the ALJ erred in finding that Edwards failed to seek consistent medical care for any one impairment and infrequently obtained medication. An ALJ may discount a claimant's subjective complaints of pain based on the claimant's failure to pursue regular medical treatment. Comstock v. Chater, 91 F.3d 1143, 1147 (8th Cir. 1996). Here, the ALJ concluded, and we agree, that if her pain was as severe as she alleges, Edwards would have sought regular medical treatment. Her failure to have sought regular medical care seriously undermines her case, especially in light of her apparent ability to pay for her own medical care and medications. Consider, for example, that Edwards had an increase in her hypertension medication on March 23, 1999, and she has not sought treatment for headaches since then. Yet she claims that she has a headache throughout each day in which she vomits, and her days "are centered around her pain." Br. of Appellant at 8. It was within the province of the ALJ to discount Edwards's claims of disabling pain in view of her failure to seek ameliorative treatment.

The ALJ's decision is supported by substantial evidence in the record, and we accordingly affirm the judgment of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-