# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2799

_____

Shirley J. Bridgman,       *
                                      *

           Appellant,       *
                                        *

       v.                    *    Appeal from the United States
                                        *    District Court for the

Jo Anne B. Barnhart, Commissioner    *    Southern District of Iowa.
of Social Security,                          *

                                          *    [UNPUBLISHED]

           Appellee.        *

_____

Submitted: February 27, 2004

Filed: March 4, 2004

_____

Before MORRIS SHEPPARD ARNOLD, FAGG, and SMITH, Circuit Judges.

_____

PER CURIAM.

Shirley Bridgman appeals the district court's[1] order affirming the denial of disability insurance benefits (DIB) and partial denial of supplemental security income (SSI). Bridgman alleged disability as of November 1990 due to muscle spasms in her back, left shoulder, neck, right hip, and right leg; severe migraine headaches; occasional left-arm numbness; nerve damage in her right knee; and injuries from a

_____

[1]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

December 1992 car accident.  After hearings in 1996 and 2000, an administrative law judge (ALJ) found that prior to September 1999 Bridgman could perform her past job as a school-bus driver and thus was not eligible for SSI or DIB prior to September 1999, but that Bridgman's condition deteriorated in September 1999 and she was entitled to SSI starting then.

Bridgman first argues that the ALJ's pre-September 1999 residual functional capacity (RFC) assessment finds no support in the record.  We disagree.  The ALJ's RFC determination is consistent with not only the medical opinions of Drs. Wayne Gordon, Efren Olea, Richard Hornberger, and Veronica Butler, but also Bridgman's 1996 testimony that she could walk up to 3 blocks.  See Baldwin v. Barnhart, 349 F.3d 549, 556 (8th Cir. 2003) (ALJ must determine RFC based on all relevant evidence, including medical records, observations of treating physicians and others, and claimant's descriptions of limitations).  We also disagree with Bridgman that the ALJ erred in discounting Dr. James McCrary's 1996 findings and Dr. Steven Hedrick's RFC assessment:  Dr. Hedrick saw Bridgman only one time, relied largely on Bridgman's reported symptoms, and did not examine Bridgman himself; and Dr. McCrary's findings are conclusory and inconsistent with the overall medical record, including Bridgman's gap in medical treatment from 1996 to 1998.  See Pearsall v. Massanari, 274 F.3d 1211, 1219 (8th Cir. 2001) (ALJ may reject opinion of any expert if inconsistent with overall medical record); Holmstrom v. Massanari, 270 F.3d 715, 721 (8th Cir. 2001) (treating physician's vague and conclusory opinion is not entitled to greater weight than any other physician's opinion); Singh v. Apfel, 222 F.3d 448, 452 (8th Cir. 2000) (opinion of consulting physician who examines claimant once or not at all generally does not constitute substantial evidence); cf. Edwards v. Barnhart, 314 F.3d 964, 967 (8th Cir. 2003) (ALJ may discount claimant's subjective complaints of pain based on failure to pursue regular medical treatment).

Bridgman argues the ALJ should not have discounted her pre-September 1999 subjective complaints based on her failure to seek medical treatment, because she had no medical insurance from May 1996 to May 1998 and was advised nothing could be done for her chronic pain. However, we find nothing in the record to support Bridgman's contention that she was told by her doctors nothing could be done for her pain, and Bridgman did not submit any evidence that she was unable to obtain free or low-cost medical treatment. See Riggins v. Apfel, 177 F.3d 689, 693 (8th Cir. 1999) (absent evidence claimant was denied low-cost or free medical care, claimant's argument he could not afford medical care was appropriately discounted).

Bridgman's remaining arguments provide no basis for reversal. Accordingly, we conclude the ALJ's opinion is supported by substantial evidence, see Cox v. Barnhart, 345 F.3d 606, 608 (8th Cir. 2003) (standard of review), and we affirm.

_____