# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 04-1926

———————

Mary Tucker,                                    *
                                               *
            Appellant,                         *
                                               *   Appeal from the United States
      v.                                       *   District Court for the
                                               *   Eastern District of Arkansas.
                                               *
Jo Anne B. Barnhart, Commissioner,             *
Social Security Administration,                *   [UNPUBLISHED]
                                               *
            Appellee.                          *

———————

Submitted: April 7, 2005
Filed: May 3, 2005

———————

Before BYE, RILEY, and COLLOTON, Circuit Judges.

———————

PER CURIAM.

Mary Tucker appeals the district court's[1] order affirming the denial of disability and widow's insurance benefits, and supplemental security income. In her March 2000 applications, Tucker alleged disability since October 1998 from cancer, diabetes, arthritis, and glaucoma. At a hearing, where Tucker was represented by counsel, an administrative law judge (ALJ) posed a hypothetical describing a

———————

[1]The Honorable Henry L. Jones, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

claimant of Tucker's age, educational level, and past work experience, who could perform light work with occasional climbing, stooping, crouching, crawling, and kneeling. A vocational expert (VE) testified that such a claimant could not perform Tucker's past jobs, but that Tucker's skills from her past job as a home attendant, which was at the medium exertional level, were transferable to that of a companion position, which was at the light exertional level.

After the hearing, the ALJ determined that (1) Tucker had a severe impairment or combination of severe impairments that were not of listing-level severity; (2) her allegations as to limitations were not totally credible; (3) she could perform a full range of light work, but could not perform her past relevant work; and (4) considering her advanced age, limited education, and transferable skills, she was not disabled under the Medical Vocational Guidelines. See 20 C.F.R. Pt. 404, Subpt. P, App. 2, Table 2, Rule 202.03 (2004) (claimants of advanced age, with limited education, and whose previous work in skilled or semiskilled jobs is transferable, are not disabled). The ALJ pointed out that his conclusion was supported by the VE's testimony. After the Appeals Council denied review, the district court affirmed.

Contrary to Tucker's assertions on appeal, the ALJ properly relied on VE testimony to find that Tucker had transferable skills, see Fines v. Apfel, 149 F.3d 893, 895 (8th Cir. 1998); Davis v. Shalala, 31 F.3d 753, 756 (8th Cir. 1994); and under Social Security Ruling 82-41, the ALJ and VE were not required to identify Tucker's transferable skills, see Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 548-50 (6th Cir. 2004). Because the VE was present when Tucker testified about her age, past work, and educational level, it was not necessary for the ALJ to specify those in his hypothetical; and it was not necessary for the ALJ to explain the meaning of light work to the VE. Finally, the only differences in the characteristics of the home-attendant and companion jobs are that the first is medium work and requires a language development of two, whereas the second is light work and requires a

language development of three. Tucker does not explain--and we fail to discern--why this difference in language development requires reversal.

Tucker's remaining arguments, most of which she raises only indirectly, provide no basis for reversal. Accordingly, we affirm, finding substantial evidence supporting the ALJ's determination. See Harris v. Barnhart, 356 F.3d 926, 928 (8th Cir. 2004) (standard of review).

_____