# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-3725
_____

Nevida Cypress

*Plaintiff - Appellant*

v.

Carolyn W. Colvin, Acting Commissioner of Social Security Administration

*Defendant - Appellee*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Jonesboro
_____

Submitted: September 23, 2015
Filed: December 7, 2015
_____

Before LOKEN, BEAM, and SHEPHERD, Circuit Judges.
_____

SHEPHERD, Circuit Judge.

Nevida Cypress appeals the district court's[1] order upholding the denial of supplemental security income (SSI) and disability insurance benefits (DIB). Upon de

---

[1]The Honorable Joe J. Volpe, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

novo review of the district court's decision upholding the Administrative Law Judge's (ALJ's) denial of benefits, see Anderson v. Astrue, 696 F.3d 790, 793 (8th Cir. 2012), we affirm.

Cypress worked as a school janitor until June 30, 2011. She filed her application for SSI and DIB in July 2011, initially claiming disability based on carpal tunnel syndrome and depression. After her application was denied at the initial and reconsideration levels, she received a hearing before the ALJ. The ALJ found that Cypress was not disabled, and the Appeals Council denied her request for review, making the ALJ's decision the final decision of the Commissioner. See Davidson v. Astrue, 501 F.3d 987, 989 (8th Cir. 2007). Cypress sought judicial review of the Commissioner's determination, and the district court affirmed the Commissioner's decision.

To determine disability, the ALJ followed the familiar five-step process and determined: (1) Cypress had not engaged in substantial gainful employment since her alleged onset date; (2) Cypress had the following severe impairments: bilateral carpal tunnel syndrome, degenerative disc disease, sleep apnea, diabetes mellitus with neuropathy, degenerative joint disease, obesity, anxiety, and depression; (3) she did not have an impairment or combination of impairments that meets, or is comparable to, a listed impairment; (4) she could not perform her past relevant work as a school janitor which requires a medium exertional level; and (5) she retained the residual functional capacity (RFC) to perform light exertional work such as housekeeping or cafeteria attendant. See Travis v. Astrue, 477 F.3d 1037, 1040 (8th Cir. 2007) (citing 20 C.F.R. § 404.1520(a)(4); 20 C.F.R. § 416.920(a)). As a result, the ALJ determined she was not disabled and was not entitled to benefits.

In this appeal, she argues the Commissioner's decision that she can perform light work is not supported by substantial evidence on the record as a whole and that the RFC determination should have included additional manipulative restrictions due

to her diagnosis of severe carpal tunnel syndrome. We will affirm the Commissioner's decision if it is supported by substantial evidence on the record as a whole. See Jones v. Astrue, 619 F.3d 963, 968 (8th Cir. 2010). Substantial evidence is "less than a preponderance but . . . enough that a reasonable mind would find it adequate to support the conclusion." Id. (quotation omitted). In evaluating for substantial evidence, we "consider the evidence that supports the Commissioner's decision as well as the evidence that detracts from it." Id. (quotation omitted). If, after reviewing the entire record, it is possible to draw two inconsistent positions, and the Commissioner has adopted one of those positions, we must affirm. See id.

As to her first argument, Cypress claims that the ALJ's RFC determination that she could perform the standing and walking requirements of light work—a total of six hours of an eight-hour workday—is not supported by substantial evidence in the record. Cypress argues the medical evidence documents her chronic back and leg pain and her limited mobility, including the need to use a walker.

Specifically, Cypress argues her treating nurse practitioner has opined that she is unable to work because of limitations with standing and lifting and the ALJ erred in discounting this nurse practitioner's opinion. The ALJ did not completely discredit the nurse practitioner's opinion as Cypress claims. Instead, because that opinion was not from an "acceptable medical source" under 20 C.F.R. § 416.913(a) and because the opinion focused on the question of whether Cypress was disabled, a question reserved for the Commissioner, the ALJ gave the opinion "little significance." There is no proof that the ALJ did not consider the opinion as an "other" medical source under 20 C.F.R. §§ 404.1513(d) and 416.913(d), as Cypress argues the ALJ should have done. Further, the ALJ rightly disregarded the nurse practitioner's opinion that Cypress was unable to work because that "involves an issue reserved for the Commissioner and therefore is not the type of 'medical opinion' to which the Commissioner gives controlling weight." Ellis v. Barnhart, 392 F.3d 988, 994 (8th Cir. 2005).

Furthermore, we conclude that the ALJ's determination of Cypress's RFC was supported by substantial evidence. The ALJ noted that while the record demonstrated repeated subjective complaints of back and leg pain from Cypress, there were no medically determinable impairments to support the level of pain Cypress claims to have suffered. For instance, her treating physicians consistently noted normal muscle strength, gait, and coordination. Magnetic Resonance Imaging tests showed only mild degenerative disc disease and very mild osteoarthritis. The medical records show that Cypress's pain is controlled by medication and that Cypress has refused more invasive medical procedures such as steroid shots and carpal tunnel release surgery. See Edwards v. Barnhart, 314 F.3d 964, 967 (8th Cir. 2003) (holding failure to seek regular and available medical treatment undermines claim of disabling pain); Estes v. Barnhart, 275 F.3d 722, 725 (8th Cir. 2002) ("An impairment which can be controlled by treatment or medication is not considered disabling.").[2]

Second, Cypress argues that the RFC should have included manipulative limitations due to her diagnosis of moderate to severe bilateral carpal tunnel syndrome. This is critical, Cypress claims, because the jobs identified by the vocational expert that Cypress could perform under the ALJ's RFC determination included housekeeper and cafeteria attendant, and both of those jobs require frequent handling. We reject her contention because the record also contains the results of multiple tests and findings of physicians showing Cypress retained a full range of motion in her hands and wrists and full muscle strength. Also, as noted above, Cypress declined surgical intervention for her carpal tunnel syndrome, suggesting that

[2]Cypress also argues that the July 2013 opinion of Dr. Kaplowitz, provided after the ALJ issued his opinion, supports her argument that there is not substantial evidence in the record to support the ALJ's RFC determination. We have considered this new evidence in the substantial evidence question, and it does not alter our view that the ALJ's determination is supported by substantial evidence as Dr. Kaplowitz's opinion does not appear related to the relevant time period. See Mackey v. Shalala, 47 F.3d 951, 952-53 (8th Cir. 1995).

this condition was not disabling. See Goodale v. Halter, 257 F.3d 771, 773-74 (8th Cir. 2001) (holding as permissible the ALJ's regard of claimant's refusal to undergo carpal tunnel surgery as evidence that pain was "something [claimant] could live with"). Further, the RFC accommodated the carpal tunnel syndrome diagnosis by concluding that she could only perform light work which "involves lifting no more than 20 pounds at a time with frequent lifting and carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b). Substantial evidence supports the ALJ's decision to not include additional manipulative limitations.

Accordingly, we affirm the district court's order upholding the denial of SSI and DIB benefits to Cypress.

_____