# United States Court of Appeals

### For the Eighth Circuit

_____

No. 16-3798

_____

Zachary K. Schouten

*Plaintiff - Appellant*

v.

Nancy A. Berryhill, Acting Commissioner of Social Security

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: April 5, 2017
Filed: April 25, 2017
[Unpublished]

_____

Before SMITH, Chief Judge, ARNOLD and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Zachary Schouten appeals the decision of the district court[1] affirming an administrative law judge's denial of Schouten's request for supplemental security

_____

[1]The Honorable Brian C. Wimes, United States District Judge for the Western District of Missouri.

income benefits. The ALJ concluded that Schouten was not entitled to benefits because he was not disabled.

Schouten filed his application for benefits in March 2012, claiming that he became disabled beginning in October 2008 when he was 24 years old. In ruling on the application, the ALJ applied the five-step evaluation process, *see* 20 C.F.R. 416.920(a), and concluded at the second step that Schouten had the following severe impairments: degenerative disc disease, osteoarthritis, rheumatoid arthritis, obesity, anxiety, and depression. At the fourth step, the ALJ determined Schouten's residual functional capacity, which included a statement that he could "have only occasional rotation, flexion and extension of the neck." The ALJ then decided that, given Schouten's RFC, he could perform jobs existing in significant numbers in the national economy and was therefore not disabled.

We review de novo a district court's decision to affirm an ALJ's denial of SSI. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015). We will affirm if substantial evidence, which is less than a preponderance but enough for a reasonable mind to find adequate to support the ALJ's conclusion, in the record as a whole supports the ALJ's denial. *Id.* If review of the record leads to two possible yet inconsistent positions and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). As long as the ALJ's decision falls within the available zone of choice, we will not disturb it even if we might have reached a different conclusion had we been the initial fact finder. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

Schouten's only challenges are to the ALJ's RFC determination that Schouten could occasionally engage in rotation, flexion, and extension of the neck, and to the related hypothetical question that the ALJ posed to a vocational expert. He maintains that the record contains overwhelming evidence that he could not engage in rotation, flexion, and extension of the neck at all due to the pain that his impairments caused.

In support, Schouten emphasizes that three physicians who treated him noted that he had either limited neck flexibility or none at all. One of these physicians, Dr. Daniel Jost, offered this opinion on several occasions.

An ALJ may discount the opinions of treating physicians where those opinions are inconsistent with other evidence in the record. *See Goff v. Barnhart*, 421 F.3d 785, 790–91 (8th Cir. 2005). The ALJ specifically discounted Dr. Jost's opinions because they were inconsistent with other evidence in the record and because he reached his conclusions even before performing any tests, making any diagnoses, or prescribing any treatment. And Dr. Jost, in a medical note, had expressed a desire "to fast track" Schouten's disability determination. An ALJ, moreover, may disbelieve a claimant's subjective reports of pain, *Crawford v. Colvin*, 809 F.3d 404, 410 (8th Cir. 2015), and when an ALJ does so for good reason, we ordinarily defer to that judgment. *Whitman v. Colvin*, 762 F.3d 701, 707 (8th Cir. 2014).

The ALJ gave several considered reasons to discount Schouten's claim that he could not move his neck. For example, it was proper for the ALJ to consider Schouten's poor work history as evidence of his minimal desire to work. *See Bernard v. Colvin*, 774 F.3d 482, 489 (8th Cir. 2014). It was also proper for the ALJ to consider that Schouten, while in prison for a significant portion of the time during which he alleges he was disabled, only once complained to prison officials of neck or back pain, for which he was given ibuprofen, and then refused another exam about two months later just before his release from prison, and about a month after that he filed his application for SSI. Acts inconsistent with Schouten's assertion of disability reflect negatively upon his credibility. *Id.* Schouten also admitted that Humira shots and hot showers basically resolved his pain problems. More than once he reported to Dr. Jost that he was having no neck problems and assessed his pain level to be zero out of ten. Furthermore, Schouten never followed up with his treating physicians for pain injections or more aggressive treatment despite their recommendations that he could do so. We have found it significant that medication can control a claimant's

pain and that the claimant has not pursued more invasive treatment. *See Cypress v. Colvin*, 807 F.3d 948, 951 (8th Cir. 2015). And we do not consider impairments controllable by treatment or medication to be disabling. *Turpin v. Colvin*, 750 F.3d 989, 993 (8th Cir. 2014). Schouten can also still perform a range of activities at a normal pace and without difficulty. *See McDade v. Astrue*, 720 F.3d 994, 998 (8th Cir. 2013). Finally, the ALJ said that he observed Schouten nodding at the hearing, and an ALJ may properly rely on observations he makes of a claimant's demeanor during a hearing in making credibility determinations. *Johnson v. Apfel*, 240 F.3d 1145, 1147–48 (8th Cir. 2001). We defer to the ALJ because substantial evidence supports the finding that Schouten was not in so much pain that he could not engage in occasional rotation, flexion, and extension of the neck. The RFC and hypothetical were thus not improper.

Affirmed.

_____