# United States Court of Appeals
## For the Eighth Circuit

_____

No. 19-2916
_____

Kathy Swedberg

*Plaintiff - Appellant*

v.

Andrew Saul, Commissioner, Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the District of North Dakota - Fargo

_____

Submitted: October 21, 2020
Filed: March 16, 2021

_____

Before COLLOTON, GRASZ, and STRAS, Circuit Judges.

_____

GRASZ, Circuit Judge.

Kathy Swedberg appeals the district court's[1] order upholding the Social Security Administration's denial of her benefits claim. We affirm.

_____

[1]The Honorable Alice R. Senechal, United States Magistrate Judge for the District of North Dakota, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

# I. Background

In March 2015, Swedberg filed an application for disability insurance benefits and disabled widow's benefits.[2] Before seeking those benefits, Swedberg worked for the Army Reserve for twenty-six years. There, her job combined the duties of an administrative clerk and a combat rifle crewmember.

The SSA initially denied Swedberg's application and denied it a second time upon reconsideration. At Swedberg's request, an SSA Administrative Law Judge conducted a hearing to address her claim. At the hearing, the ALJ received testimony from Swedberg and James Miller, a vocational expert (the "Vocational Expert").

The Vocational Expert testified that Swedberg's physical limitations prevented her from performing her past work. The ALJ asked the Vocational Expert to respond to a hypothetical about possible jobs for Swedberg. In doing so, the ALJ asked the Vocational Expert to assume Swedberg's age, education, and work experience, as well as limitations including (1) lifting or carrying "ten pounds occasionally and less than ten pounds frequently"; (2) sitting "for about six hours in an eight-hour workday"; (3) standing or walking "for about four hours in an eight-hour workday;" (4) frequently, but not constantly, fingering and feeling bilaterally with her hands; and (5) requiring no exposure to "extreme cold, extreme heat, high humidity, vibration" or "hazards such as unprotected heights and fast and dangerous moving machinery." The Vocational Expert replied that, with the given limitations, Swedberg could work as (1) an appointment clerk, with 35,000 jobs available nationally; (2) a receptionist, with 140,000 jobs available nationally; or (3) an order clerk, with 50,000 jobs available nationally.

---

[2]The health issues underlying Swedberg's application are not disputed on appeal.

The ALJ upheld the denial of Swedberg's claim. Relying on the Vocational Expert's testimony and other evidence in the record, the ALJ concluded that Swedberg's health limitations prevented her from performing the tasks associated with her former Army Reserve job. But, the ALJ found that Swedberg possessed relevant work skills that were transferable to the clerk and receptionist jobs listed by the Vocational Expert.

Swedberg appealed the ALJ's decision, and the Appeals Council declined review. She then appealed to the district court, and, on cross-motions for summary judgment, the district court granted summary judgment in favor of the SSA, concluding that substantial evidence supported the ALJ's decision. Swedberg now appeals and argues the ALJ's decision is not supported by substantial evidence in the record as a whole because there was no foundation for the Vocational Expert's testimony.

## II. Discussion

We review de novo the district court's decision upholding the SSA's denial of benefits and will affirm the ALJ's decision if it is supported by substantial evidence in the record as a whole. *Renfrow v. Astrue*, 496 F.3d 918, 920 (8th Cir. 2007); *Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir. 1996).

The SSA uses a five-step "sequential evaluation process" for determining disability. 20 C.F.R. § 404.1520(a)(4). The five steps are (1) whether the claimant is engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant can return to the claimant's past relevant work; and (5) whether the claimant can perform other work in the national economy. *Id.* § 404.1520(a)(4)(i)–(v). Step five is at issue in this appeal.

## A. Vocational Expert Testimony

First, we address Swedberg's main argument that the Vocational Expert based his opinion on insufficient information because he did not consider the complexities of Swedberg's past relevant work when opining about the skills she possessed for future suitable employment.

The role of a vocational expert is "to take into account medical limitations, including opinions as to work time limits, and offer an opinion on the ultimate question whether a claimant is capable of gainful employment." *Smallwood v. Chater*, 65 F.3d 87, 89 (8th Cir. 1995). We have held a vocational expert's opinion is valid when based on listening to a claimant's earlier testimony. *Tucker v. Barnhart*, 130 F. App'x 67, 68 (8th Cir. 2005) (unpublished per curiam) ("Because the [vocational expert] was present when [claimant] testified about her age, past work, and educational level, it was not necessary for the ALJ to specify those in his hypothetical.").

From the Vocational Expert's testimony, it is clear he relied on a "Past Work Summary" and Swedberg's testimony as the basis for his opinion. Swedberg testified that she worked in an "administrative clerk type position" and engaged in some mild lifting of groceries and mail. She did not object when the ALJ characterized an administrative clerk position as "someone sitting at a nice desk just typing on the computer or filing papers." And, Swedberg indicated in a disability report that she "had administrative duties, contracting, reserve center, unloaded freight, security, mail duties and payroll."

Our review of the record convinces us the Vocational Expert relied on sufficient evidence, such as Swedberg's own testimony, when he formed his expert opinion. He considered Swedberg's statements about coordinating meetings, scheduling training sessions, and performing inventory when he determined that she was qualified to perform jobs requiring data entry, record keeping, and administrative skills. Further, the Vocational Expert's testimony and opinion are

consistent with Swedberg's admissions. Thus, we hold that the Vocational Expert's testimony relied on sufficient information to provide substantial support for the ALJ's denial of benefits.[3]

## B. SSA's Burden of Proving Skill and Transferability

### 1. Proving Evidence of Skill

Swedberg first argues that the Vocational Expert's testimony does not create substantial evidentiary support for the ALJ's finding that Swedberg is qualified to perform work based on her limitations and skills. Because the Vocational Expert's opinion is supported by Swedberg's testimony, we disagree.

An ALJ can rely on a vocational expert's testimony to find a claimant has acquired skills that are transferable to another position. *Fines v. Apfel*, 149 F.3d 893, 895 (8th Cir. 1998) (citing 20 C.F.R. § 404.1566(e)). "Testimony from a vocational expert constitutes substantial evidence only when based on a properly phrased hypothetical question." *Pickney*, 96 F.3d at 296 (citing *Cruze v. Chater*, 85 F.3d 1320, 1323 (8th Cir. 1996)). If "a hypothetical question does not encompass all relevant impairments, the vocational expert's testimony does not constitute substantial evidence." *Id.*

The ALJ specifically asked the Vocational Expert if Swedberg possessed "any transferable skills that would transfer to any occupations within the parameters of th[e] hypothetical[.]" In response, the Vocational Expert stated that Swedberg had acquired several basic administrative skills, including data entry, record keeping, and office administrative skills. He also stated that Swedberg could perform positions with a specific vocational preparation level of three or four, meaning jobs

---

[3]Swedberg argues the Vocational Expert's testimony is unreliable because the expert improperly defined the term "skill" in his testimony. However, we conclude any purported error is harmless because the ALJ applied the proper SSA definition of skill in her decision.

that would require one-to-three or three-to-six months of training, respectively. Swedberg did not challenge the hypothetical question the ALJ posed to the Vocational Expert. On this basis alone, we can conclude substantial evidence in the record exists to support the denial of Swedberg's claim. *Pickney*, 96 F.3d at 296 ("Testimony from a vocational expert constitutes substantial evidence only when based on a properly phrased hypothetical question.").

However, other evidence in the record demonstrates that Swedberg possessed basic administrative skills. In a self-assessment, Swedberg indicated that her work duties included "administrative duties, contracting, reserve center, unload[ing] freight, security, mail duties and payroll." And, in a consultative examination, Swedberg stated her previous job duties included "inventory, personnel records, logistics, facility management, contract retention, managing safety concerns in the building, manag[ing] mail[,] . . . writ[ing] specs/guidelines, coordinat[ing] the lawn service. . . . She said she wore many hats and had to do a variety of tasks." In light of this evidence, we hold there is substantial evidence in the record to demonstrate that the SSA met its burden of demonstrating Swedberg derived the job skills listed above during her twenty-six-year career with the Army Reserve.

## 2. Skill Transferability

Swedberg also challenges the ALJ's reliance on the Vocational Expert's testimony stating that Swedberg's job skills were transferable to other sedentary positions that could accommodate her limitations. Because the Vocational Expert's opinion was properly rooted in Swedberg's testimony, we uphold the ALJ's decision.

"An ALJ may rely on a vocational expert's testimony as long as some of the identified jobs satisfy the claimant's residual functional capacity." *Grable v. Colvin*, 770 F.3d 1196, 1202 (8th Cir. 2014). Here, the Vocational Expert testified that Swedberg's transferable skills qualified her for sedentary jobs. The Vocational

Expert also opined that Swedberg would be qualified to perform positions using her data entry and recordkeeping skills.

This evidence supports the ALJ's finding that Swedberg can transfer her job skills to new sedentary positions, such as the suggested positions of order clerk, receptionist, or appointment clerk. There is also sufficient evidence in the record to show that Swedberg possessed job skills that would transfer to other sedentary occupations. Accordingly, we hold substantial evidence supports the finding that the SSA met its burden.

The judgment of the district court is affirmed.

_____