# United States Court of Appeals
## For the Eighth Circuit

_____

No. 20-3615
_____

Carrie Agnes Berke

*Plaintiff - Appellant*

v.

Andrew Saul, Commissioner of Social Security

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Northern District of Iowa - Western

_____

Submitted: June 22, 2021
Filed: July 7, 2021
[Unpublished]

_____

Before LOKEN, GRUENDER, and KELLY, Circuit Judges.

_____

PER CURIAM.

Carrie Berke appeals the district court's[1] order affirming the denial of disability insurance benefits.[2] We agree with the district court that substantial evidence in the record as a whole supports the adverse decision. See Swink v. Saul, 931 F.3d 765, 769 (8th Cir. 2019) (de novo review of district court's judgment; ALJ's decision will be upheld if it is supported by substantial evidence in record as whole).

Specifically, the ALJ did not err at step two of its analysis, when it found some of Berke's impairments non-severe. See Dixon v. Barnhart, 353 F.3d 602, 605 (8th Cir. 2003) (outlining the five-step sequential evaluation process to determine whether a claimant has a disability recognized by the Social Security Act); Brace v. Astrue, 578 F.3d 882, 885 (8th Cir. 2009) (impairment that is controlled with treatment or medication is not considered disabling). Nor did the ALJ err in finding at step three that Berke does not have an intellectual disorder as defined by the applicable listing, see 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.05(B) (requiring, in addition to an IQ score of 71 to 75, "a verbal or performance IQ score . . . of 70 or below" and "[s]ignificant deficits in adaptive functioning . . . manifested by "marked" or "extreme" limitations in a number of listed "areas of mental functioning""); Nowling v. Colvin, 813 F.3d 1110, 1123–24 (8th Cir. 2016) (explaining that GAF scores are "of little value" in intellectual disorder determinations and concluding that "it was error to disregard [otherwise relevant expert] testimony based solely on . . . GAF scores").

Berke also points to "three errors made by the ALJ at step five of the analysis," but her arguments are unavailing. The ALJ did not err in considering the opinion of

---

[1]The Honorable Mark A. Roberts, United States Magistrate Judge for the Northern District of Iowa, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

[2]Berke's date last insured was June 30, 2017, and her amended onset date was September 25, 2014.

Berke's treating physician, see Edwards v. Barnhart, 314 F.3d 964, 967 (8th Cir. 2003) (if treating physician's opinion is inconsistent with or contrary to medical evidence as whole, ALJ can accord it less weight); properly evaluated Berke's subjective complaints, see Swink, 931 F.3d at 771 (ALJ's credibility determination, which analyzed examination findings, diagnostic imaging results, and claimant's daily activities, was supported by substantial evidence); and did not commit reversible error in failing to specifically discuss the testimony of Berke's daughter, see Buckner v. Astrue, 646 F.3d 549, 560 (8th Cir. 2011) (no reversible error in failing to address claimant's girlfriend's statement, as ALJ sufficiently assessed claimant's credibility and same evidence that discredited his allegations also discredited hers). As the ALJ's residual functional capacity determination was based on proper evaluation of this evidence, we conclude that substantial evidence supports the ALJ's conclusion—based on the vocational expert's (VE) testimony—that Berke was not disabled. See Martise v. Astrue, 641 F.3d 909, 927 (8th Cir. 2011) (VE's answer to hypothetical that included claimant's limitations as determined by ALJ constituted substantial evidence supporting denial of benefits).

The judgment is affirmed.

_____