# United States Court of Appeals
### For the Eighth Circuit

_____

No. 22-1202
_____

Troy Harper

*Plaintiff - Appellant*

v.

Kilolo Kijakazi, Acting Commissioner of Social Security Administration

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Missouri - St. Louis

_____

Submitted: July 28, 2022
Filed: August 4, 2022
[Unpublished]

_____

Before GRUENDER, MELLOY, and KOBES, Circuit Judges.

_____

PER CURIAM.

Troy Harper appeals the district court's[1] order affirming the denial of disability insurance benefits and supplemental security income. We agree with the district court

_____

[1]The Honorable Henry E. Autrey, United States District Judge for the Eastern District of Missouri.

that substantial evidence in the record as a whole supports the adverse decision. See Swedberg v. Saul, 991 F.3d 902, 904-05 (8th Cir. 2021) (standard of review).

Specifically, we find that the administrative law judge (ALJ) properly discounted Harper's subjective pain complaints, see Pierce v. Kijakazi, 22 F.4th 769, 772-73 (8th Cir. 2022) (ALJ properly discounted claimant's allegations, as he considered discrepancies between pain complaints and objective examination results, and relatively conservative course of treatment); and that substantial evidence supported the ALJ's residual functional capacity (RFC) determination, see Julin v. Colvin, 826 F.3d 1082, 1089 (8th Cir. 2016) (ALJ permissibly excluded greater limitations from RFC after finding that record was not consistent with degree of symptoms alleged by claimant); Cypress v. Colvin, 807 F.3d 948, 951 (8th Cir. 2015) (ALJ's RFC determination was supported by substantial evidence, including objective findings on examination, diagnostic imaging results, and evidence regarding claimant's treatment). Accordingly, substantial evidence supported the ALJ's conclusion that Harper was not disabled. See Bernard v. Colvin, 774 F.3d 482, 490 (8th Cir. 2014) (where vocational expert's answer to hypothetical question, which plaintiff did not dispute, indicated there was significant number of jobs available to person with plaintiff's limitations, there was substantial evidence to support denial of benefits).

The judgment is affirmed.

_____